# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TIMOTHY R. HANEY, # 656190,

        Plaintiff,

v.

        Case No. 10-cv-13486
        Honorable Denise Page Hood

CHARLES MIEL, et.al.,

        Defendants,
_____/

## OPINION AND ORDER
## TRANSFERRING PLAINTIFF'S CIVIL RIGHTS
## COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Timothy R. Haney, a state inmate currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* civil rights complaint in this district pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

## I. DISCUSSION

In the present case, Plaintiff is suing the Officers of the Ionia Circuit Court, who reside in (1) Ionia, Michigan, (2) Belding, Michigan, and (3) Vermontville, Michigan, which are all located in the Western District of Michigan. Only one Defendant resides in this District. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F.2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F.Supp.2d 803, 805-06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36

F.Supp.2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F.Supp.2d 809, 811 (E.D. Mich. 2000).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan, because the majority of the Defendants reside in the Western District of Michigan. In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp.2d 15, 20-21 (D.D.C. 2003) (*quoting Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir.1974). The witnesses and files necessary to prosecute Plaintiff's claims are located in the Western District of Michigan. Therefore, transfer of this action to the Western District would be proper. *See Welch v. Kelly,* 882 F.Supp. 177, 180 (D.D.C. 1995).

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

                                                                       S/Denise Page Hood
                                                                       Denise Page Hood
                                                                       United States District Judge

Dated: October 28, 2010

     I hereby certify that a copy of the foregoing document was served upon Timothy R. Haney, Reg. No. 656190, Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI 49221 and counsel of record on October 28, 2010, by electronic and/or ordinary mail.

                                                                       S/William F. Lewis
                                                                       Case Manager